UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| Keith Maynor, <br><br> individually and on behalf of all others similarly situated, <br><br> Plaintiff(s) <br><br><br> -v.- <br><br><br> CBM Services, Inc., <br> and John Does 1-25. <br><br> Defendant(s). | Civil Action No: 4:20-cv-12704 <br><br> **CLASS ACTION COMPLAINT** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff Keith Maynor (hereinafter, "Plaintiff"), a Michigan resident, brings this Class Action Complaint by and through his attorneys, Stein Saks, PLLC, against Defendant CBM Services, Inc. ("CBM"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

1.      Congress enacted the Fair Debt Collection Practices Act ("FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective

collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2.      Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to ensure "that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate, *Id.* § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3.      The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq.  The Court has pendent jurisdiction over state law claims, if any, in this action pursuant to 28 U.S.C. § 1367(a).

4.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides as well as where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5.      Plaintiff brings this class action on behalf of a class of Michigan consumers under § 1692 et seq. of Title 15 of the United States Code, also known as the Fair Debt Collections Practices Act ("FDCPA"), and

6.      Plaintiff is seeking damages and declaratory relief.

## PARTIES

7.      Plaintiff is a resident of the State of Michigan, County of Genesee, residing at 9169 Suncrest Drive, Flint, MI 48504.

8.      Defendant CBM is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address at 300 Rodd Street, Suite 202, Midland, MI 48640.

9.      Upon information and belief, Defendant CBM is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due to itself or another.

10.     John Does l-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ALLEGATIONS

11.     Plaintiff brings this claim on behalf of the following class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

12.     The Class consists of:

    a.  all individuals with addresses in the State of Michigan;

    b.  to whom Defendant CBM sent an initial letter;

    c.  attempting to collect a consumer debt;

    d.  in three sub-classes where the letter:

        1.  refers to "other creditors" without identifying them;

        2.  fails to identify the current creditor(s) of the debt(s); or

        3.  lists multiple debts but only claims to be collecting on a single "account".

13.     The identities of all class members are readily ascertainable from the records of Defendant and those companies and entities on whose behalf it attempts to collect and/or has purchased debts.

14.     Excluded from the Plaintiff Class are the Defendant and all officers, members, partners, managers, directors and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

15.     There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the form attached as Exhibit A, violate 15 U.S.C. §§ 1692e, 1692f, and 1692g.

16.     The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

17.     This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

       a.     **<u>Numerosity:</u>** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

       b.     **<u>Common Questions Predominate:</u>** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issue

is whether the Defendants' written communications to consumers, in the form **attached as Exhibit A** violate 15 U.S.C. § 1692e, 1692f, and 1692g.

c. <u>**Typicality:**</u> The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

d. <u>**Adequacy:**</u> The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e. <u>**Superiority:**</u> A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

18. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

19.     Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

20.     Plaintiff repeats the above allegations as if set forth here.

21.     Some time prior to May 28, 2020, Plaintiff allegedly incurred debts to non-parties Dort Financial Credit Union, M Haitham Almidani M.D., and others.

22.     These alleged debts were incurred as financial obligations that were primarily for personal, family or household purposes and are therefore each a "debt" as that term is defined by 15 U.S.C. § 1692a (5), specifically a personal medical services and personal credit.

23.     Dort Financial Credit Union and M Haitham Almidani M.D., are each a "creditor" as defined by 15 U.S.C.§ 1692a (4).

24.     Upon information and belief, Dort Financial Credit Union and M Haitham Almidani M.D., as well as other creditors contracted with the Defendant to collect the alleged debts.

25.     Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of itself or other creditors using the United States Postal Services, telephone and internet.

*Violation - May 28, 2020 Letter*

26.     On or about May 28, 2020, Defendant sent Plaintiff an initial collection letter. A copy of this letter is **attached as Exhibit A**.

27.     The letter lists three "Client[s]" of CBM and amounts of each alleged debt: "Dort Financial Credit Un. [$]551.86", "M Haitham Almidani M.D. [$]2708.87", and "Other Creditors [$]182.37".

28.     The names of these mysterious "Other Creditors" is not provided.

29.     Although the letter states CBM's "Client[s]", no names for current creditors are listed.

30.     In addition, although at least three debts are listed, the collection letter states that "[t]his account has been referred to us for collection", claiming it is only collecting on a single account instead of multiple account<u>s</u>.

31.     The letter on its face fails to give proper notice of the names of the current creditors to whom the debts are owed, by using the phrase "Other Creditors" it does not clearly state to whom the alleged debt is owed to.

32.     Additionally, by listing three debts but stating "this account has been referred to us for collection" also confuses the consumer as to which specific debt CBM is claiming to be collecting upon.

33.     The consumer in unable to discern if all three debts are being collected. If all three debts are being collected, a total amount due should be listed.

34.     These actions by Defendant deceive the consumer since he cannot properly evaluate the need for making a payment, to whom the debts are owed to, and the possible benefits and/or detriments to the consumer for doing so.

35.     As a result of Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.


**COUNT I**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692e *et seq.***

36.     Plaintiff repeats the above allegations as if set forth here.

37.     Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

38.     Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

39.     Defendant violated 15 U.S.C. §1692e (10):

    a.  By failing to identify the creditor(s) to whom the debt(s) are owed;

    b.  By purporting to have additional clients to whom the consumer owes debt but only naming those as "Other Creditor(s)";

    c.  By purporting to have multiple clients and listing the amounts owed to each but claiming to only collect on behalf of one of those accounts, which one not being defined;

    d.  As the letter described above has statements that are open to more than one reasonable interpretation, at least one of which is inaccurate.

40.     Defendant further violated § 1692e (2)(A) by failing to identify the character of the alleged debt.

41.     By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692f *et seq.*

42.     Plaintiff repeats the above allegations as if set forth here.

43.     Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

44.    Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

45.    Defendant violated this section by:

    a.   failing to identify the creditor(s) to whom the debt(s) are owed;

    b.   purporting to have additional clients to whom the consumer owes debt but only naming those as "Other Creditor(s)";

    c.   purporting to have multiple clients and listing the amounts owed to each but claiming to only collect on behalf of one of those accounts; and

    d.   failing to identify the character of the alleged debt.

46.    By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692f et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT III
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692g *et seq.*

47.    Plaintiff repeats the above allegations as if set forth here.

48.    Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

49.    Pursuant to 15 U.S.C. §1692g:

Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –

    1.   The amount of the debt;

2.   The name of the creditor to whom the debt is owed; …

50.     Defendant violated this section by failing to provide the name of the creditor(s) to whom the debt(s) are owed as required by §1692g in an initial collection letter.

51.     By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692g et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

52.     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Keith Maynor, individually and on behalf of all others similarly situated, demands judgment from Defendant CBM Services, Inc., as follows:

a)      Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Yaakov Saks, Esq. as Class Counsel;

b)      Awarding Plaintiff and the Class statutory damages;

c)      Awarding Plaintiff and the Class actual damages;

d)      Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

e)      Awarding pre-judgment interest and post-judgment interest; and

f)      Awarding Plaintiff and the Class such other and further relief as this Court may deem

just and proper.

Dated: October 5, 2020                    Respectfully Submitted,

By:/s/ Yaakov Saks
Yaakov Saks, Esq.
Stein Saks, PLLC
285 Passaic Street
Hackensack, NJ, 07601
(201) 282-6500
*Attorneys for Plaintiff*